# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**EDWARD GORDON BOEJI,**

    **Plaintiff,**

v.                                        Case No. 8:22-cv-1521-WFJ-MRM

**PINELLAS COUNTY JAIL,**

    **Defendant.**

_____/

## **O R D E R**

This cause comes before the Court on Plaintiff Boeji's civil rights Complaint (Doc. 1). Having reviewed the Complaint and being otherwise fully advised the Court Orders as follows:

The Prison Litigation Reform Act ("PLRA") amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, if a prisoner has had three or more cases dismissed for one of the recited reasons, he cannot proceed *in forma pauperis* and must pay the filing fee in full at the time the lawsuit is initiated. *Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002). Consequently, courts have a responsibility to dismiss cases, even *sua sponte,* under 28 U.S.C. § 1915(g). *See, e.g., Casey v. Scott,* 493 F. App'x 1000, 1001 (11th Cir. 2012).

Plaintiff's prior cases, dismissed as either frivolous, malicious, or for the failure to state a claim upon which relief may be granted include *Boeji v. Hillsborough County Jail*, 8:12-cv-2543-EAK-TPB, *Boeji v. Chronister*, 8:18-cv-1620-SDM-AAS, and *Boeji v. Brown et al*, 8:19-cv-589-WFJ-SPF.

Plaintiff broadly states that he is "under imminent danger of serious physical injury," that he has "already been hurt by Pinellas County deput[ies]," and that he is being threatened and retaliated against with disciplinary reports for filing grievances. (Doc. 1 at 1). But he fails to describe in further detail his alleged injury or the threats received. The handwritten copies of grievances attached to the pleading describe (among other grievances that do not relate to physical harm) the use of tight handcuffs and sore shoulders from being handcuffed (Doc. 1 at 6); the use of yelling, name calling, curse words, and abusive language (Doc. 1 at 8–9, 11, 15, 17–19, 22, 28, 33, 35); being pushed into his cell and a wall on one occasion each (Doc. 1 at 16, 35); and the use of undescribed "excessive force" on one instance (Doc. 1 at 21).

Such circumstances do not demonstrate that Plaintiff is currently in imminent danger of serious physical injury. *See e.g., Ball v. Allen*, No. 06-0496-CG-M, 2007 WL 484547 (S.D. Ala. Feb. 8, 2007) (explaining that "[t]he plaintiff must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient." (Citations and quotation marks omitted)).

Because he has had three prior dismissals that qualify under Section 1915(g), he is not under imminent danger of serious physical injury, and he has not paid the filing fee, Plaintiff's complaint is due to be dismissed. Plaintiff may initiate a new civil rights case by filing a civil rights complaint and paying the filing fee in full.

Accordingly, it is **ORDERED** that:

1. The complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** to the filing of a new complaint, in a new case, with a new case number, upon the payment of the filing fee.

2. The **CLERK** is directed to **CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida, on July 21, 2022.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE